# North American Savings Company *v.* Ulrich, Appellant.

*Receivers—Banks and banking—Products.*

Where a receiver has an account as receiver and his personal account in the same bank, and an attachment execution issues against the moneys in his personal account, and it appears that he had deposited two checks belonging to the receivership in his personal account, and it also appears that the amount of the first check had been withdrawn prior to the attachment, and there is testimony that the second check

had been deposited in the personal account to pay back, advances previously made out of the receiver's own moneys to the receivership, the attachment will hold all of the moneys in the receiver's personal account. The doctrine of following trust funds wrongfully converted by a trustee is not applicable to the facts of such a case.

Argued April 21, 1910. Appeal, No. 79, April T., 1910, by defendant, from order of C. P. No. 3, Allegheny Co., Feb. T., 1907, No. 687, dismissing exceptions to report of referee in case of North American Savings Company v. Henry Ulrich, First National Bank of Allegheny, and Henry Ulrich, Receiver of the Ulrich-Stewart Manufacturing Company. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Attachment execution.

By agreement the matters in dispute were referred to J. Garfield Houston as referee, who filed the following report:

1. On June 6, 1906, the North American Savings Company obtained a judgment against Henry Ulrich and the Ulrich-Stewart Manufacturing Company at No. 922, May Term, 1906, for $4,226.40.

2. On January 25, 1907, an execution attachment sur the above judgment was issued at No. 687, February Term, 1907, wherein the First National Bank of Allegheny was summoned as garnishee. This attachment was served on January 25, 1907. The garnishee's answers to the plaintiff's interrogatories stated that there was on deposit with the garnishee, in the name of Henry Ulrich, the sum of $1,029.39. On February 11, 1907, Henry Ulrich, by his attorneys, presented a petition to the court in his own right and as receiver of the Ulrich-Stewart Manufacturing Company, for leave to intervene and defend against the plaintiff's attachment and establish his claim to the sum of $1,000 of the money attached. On the same day the court granted a rule to show cause why

the prayer of the petition should not be granted. The plaintiff has voluntarily consented to such intervention.

3. Henry Ulrich had a personal account in the First National Bank of Allegheny, which at the time of the above attachment was an active account, deposits being made and moneys being checked out at frequent intervals. Checks on this account were signed "Henry Ulrich" and the moneys in this account were used by Mr. Ulrich in carrying on his private business. The money in this account was attached as above stated.

4. On June 29, 1905, Henry Ulrich had been appointed receiver of the Ulrich-Stewart Manufacturing Company. Prior to that date the Ulrich-Stewart Manufacturing Company had its account in the same bank. When Henry Ulrich was appointed receiver, he continued to deposit in this same account moneys belonging to the receivership, and checked on it for the use of the receivership. This account was active at the date of the attachment and had been since the appointment of the receiver.

5. The Velte Foundry & Machine Company gave a check payable to Henry Ulrich, dated November 26, 1906, drawn on the Metropolitan Bank in the sum of $650, in payment of a bill for machinery of the Ulrich-Stewart Manufacturing Company purchased by the Velte company from the receiver. This check was indorsed by Henry Ulrich and deposited by him on November 27, 1907, in his personal account in the First National Bank of Allegheny.

6. The Velte Foundry & Machine Company gave a second check payable to Henry Ulrich, receiver, dated January 18, 1907, drawn on the Metropolitan Bank in the sum of $508.71, in payment of a bill for other machinery of the Ulrich-Stewart Manufacturing Company purchased by the Velte company from the receiver. The selling price of the machinery was $550, but in remitting, the Velte company deducted a contra account or $41.29, owed to them by the receiver. This check was indorsed by Henry Ulrich, receiver, and deposited in the personal

account of Henry Ulrich in the First National Bank of Allegheny, on January 18, 1907.

7. From June 28, 1905, when the receiver was appointed, to January 25, 1907, the date of the attachment, Henry Ulrich had been advancing his own money for the payment of debts incurred by him as receiver of the Ulrich-Stewart Manufacturing Company at times when the company was embarrassed by lack of ready cash, and had been reimbursing himself from time to time by applying to his own use moneys of the Ulrich-Stewart Manufacturing Company paid to him as receiver. The books of accounts of the receiver are incomplete, and do not show the amounts of money advanced by Henry Ulrich to the receivership, or the amounts taken by him from the receiver's funds to repay the advances. The receiver depended on his memory and loose memoranda, which have not been preserved, to keep the two accounts.

8. It is not known whether Henry Ulrich owed money to the receivership, or whether the receivership was indebted to Henry Ulrich for moneys advanced by him, at the date of the attachment execution; nor is it known how the balance stood in the accounts between Henry Ulrich and the receivership on November 27, 1906, and on January 18, 1907, the respective dates of deposit of the two Velte checks.

9. On November 27, 1906, the personal account of Henry Ulrich in the bank showed a balance of $153.17, which was raised to $803.17, by the deposit of the first Velte check for $650. From this date to January 19, 1907, deposits were made and checks drawn on this account at frequent intervals. The daily balance fluctuated. On January 9, 1907, it reached the lowest point, $8.49. On January 18, 1907, two deposits amounting to $1,461.29 were made, the second deposit including the second Velte check for $508.71. On the same day Henry Ulrich transferred $400 from his personal account to the account of the Ulrich-Stewart Manufacturing Company. The balance at the close of business on January 18, 1907,

was $1,140.88. When the attachment was served on. January 25, 1907, the balance was $1,029.39. The following extract from the ledger of the First National Bank of Allegheny shows the status of Henry Ulrich's account between January 17 and January 25, 1907:

| Date. | Checks. | Deposit. | Balance. |
|---|---|---|---|
| Jan. 17 | | | $   102.02 |
| "    18 | $  22.43 | | 79.59 |
| "    " | | $922.60 | 1,002.19 |
| "    " | 400.00 | | 602.19 |
| "    " | | 538.69 | 1,140.88 |
| "    19 | 205.45 | | 935.43 |
| "    " | | 300.00 | 1,235.43 |
| "    21 | 77.92 | | 1,157.51 |
| "    " | 47.08 | | 1,110.43 |
| "    22 | 14.85 | | 1,095.58 |
| "    24 | 16.20 | | 1,079.38 |
| "    25 | 50.00 | | 1,029.38 |

10. The $650, obtained on the first Velte check, which was deposited in Henry Ulrich's personal account on November 27, 1906, does not constitute a part of the deposit attached.

11. The $508.71, obtained on the second Velte check, which was deposited in Henry Ulrich's personal account on January 18, 1907, does constitute a part of the deposit attached.·

12. The $1,158.71, obtained on the two Velte checks, which were deposited in Henry Ulrich's personal account on November 27, 1906, and January 18, 1907, was appropriated by Henry Ulrich for his own use.

13. The money in the deposit attached was not assigned to or set aside for the receivership in any way, prior to the date of the attachment.

14. The $1,029.39 on deposit in the First National Bank of Allegheny on January 25, 1907, belonged to Henry Ulrich personally.

From these facts the referee deduces the following: .

## CONCLUSIONS OF LAW.

1. The burden was on Henry Ulrich to prove that the money attached belonged to the receivership.

2. The relation between Henry Ulrich, the individual, and Henry Ulrich, the receiver, was that of debtor and creditor.

3. The doctrine of following trust funds wrongfully converted by a trustee is not applicable to the facts of this case.

4. Henry Ulrich has failed to establish any right to the money in the deposit attached, either in himself or as receiver of the Ulrich-Stewart Manufacturing Company.

Upon a full and careful consideration of the case the referee is of the opinion that the North American Savings Company, the plaintiff in this attachment, is entitled to the amount on deposit to the credit of Henry Ulrich in the First National Bank of Allegheny, garnishee, and that judgment may be entered against the said garnishee for $1,029.79.

On exceptions EVANS, J., filed the following opinion:

The above cause was referred to J. Garfield Houston, Esq., as referee, under the act of 1874, and its supplements, and the cause comes before this court en banc on exceptions to the findings of fact and conclusions of law of the referee.

On June 6, 1906, the North American Savings Company entered a judgment against Henry Ulrich, and on January 25, 1907, an execution attachment sur the above judgment was issued at No. 607, February Term, 1907, and the First National Bank of Allegheny was summoned as garnishee. The garnishee answered that there was on deposit in said bank in the name of Henry Ulrich the sum of $1,029.39. On February 11, 1907, Henry Ulrich and the Ulrich-Stewart Manufacturing Company were permitted by court to intervene and defend against the plaintiff's attachment. It was claimed by the Ulrich-Stewart Manufacturing Company that the money on

deposit in the First National Bank, while in the name of Henry Ulrich, was really the property of the Ulrich-Stewart Manufacturing Company, of which Henry Ulrich was receiver. It also appears to be undisputed that $650 was paid to Henry Ulrich as receiver of the Ulrich-Stewart Manufacturing Company, by the Velte Foundry & Machine Company on November 25, 1906, and that Henry Ulrich deposited this money in the First National Bank to his own account; and that the same company paid to Henry Ulrich, as receiver, on January 18, 1907, $508.71, which money Ulrich deposited in the First National Bank to his individual account. The referee finds as a fact that the $650 deposited by Ulrich on November 25, 1906, was not a part of the money attached by the plaintiff on January 25, 1907, and has further found as a fact that the $508.71 deposited by Ulrich to his individual account on January 18, 1907, while it was a part of the funds attached by the execution attachment of the plaintiff, yet that it was the property of Henry Ulrich. The referee has found these facts on competent testimony, and this court would not reverse such findings of fact unless for clear error.

The referee finds that there was, during the time of his receivership, dealings between Henry Ulrich as an individual and Henry Ulrich as receiver of the Ulrich-Stewart Manufacturing Company; that Ulrich furnished money to the receivership to pay pressing accounts and paid himself back out of money that he received, belonging to the insolvent estate; and that as a result of that course of dealing between Ulrich and Ulrich, receiver of the Ulrich-Stewart Manufacturing Company, the $508.71 appropriated by him was appropriated by him on January 18, 1907. If that be the fact, then it was subject to attachment as the money of Ulrich, and we are not inclined to disturb the findings of fact of the referee.

And now, June 27, 1909, the exceptions to the findings of fact and conclusions of law of the referee are dismissed.

*Error assigned* was order dismissing exceptions to referee's report.

*W. K. Jennings*, with him *D. C. Jennings*, for appellant.

*H. W. Mitchell*, of *McKee, Mitchell & Alter*, for appellee.

PER CURIAM, May 12, 1910:

The referee's finding that the $650, obtained on the first Velte check, which was deposited in Henry Ulrich's personal account on November 27, 1906, does not constitute a part of the deposit attached, whether regarded as a finding of fact or as a conclusion of law, was right, for it rests on the fact, clearly pointed out in his comments on the exception to this finding, that the $650 had all been checked out long before attachment issued. This is certainly true as to all but the balance of $8.49 remaining to Ulrich's credit on January 9, 1907, and even as to that balance, we are not convinced that the referee erred in concluding from a comparison of the deposits with the checks that it was not part of the $650. The contention that a trust as to this sum attached to subsequent deposits is not sustained by the Pennsylvania decisions.

As to the $508.71 obtained on the second Velte check, which was deposited in Ulrich's personal account on January 18, 1907, the obstacle in the appellant's way is not the inability to trace this into the deposit attached (see 9th and 11th findings of fact) but the insufficiency of the evidence to repel the warrantable inference that Ulrich appropriated it to himself personally to reimburse himself for money he had advanced for the receivership. On cross-examination of Mr. Ulrich it appeared that he had been advancing his own money for the use of the receiver and had been repaying himself from time to time without making any entries in the receiver's books of account. Upon this subject the learned referee says:

"It can be conceived that receivership funds might have been deposited in Henry Ulrich's private account and yet

the title to the money have remained in the receiver, the arrangement being a bailment. But it appears that there were running accounts between Henry Ulrich and the receivership and that money was being transferred from one to the other at more or less frequent intervals not as bailor and bailee, but as debtor and creditor. The natural inference is that the Velte money was handled in the same way. As the receiver and Henry Ulrich are one and the same person the only satisfactory and convincing evidence to overcome this inference would be to show how the balance stood in the accounts between Henry Ulrich and the receivership at the dates when the deposits were made. If on these dates there was money due Ulrich from the receivership the presumption would be almost conclusive that the depositing of receiver's money in Ulrich's account was in payment of such indebtedness. Under the peculiar circumstances of this case we think proof of ownership is effectually precluded by failure to show the status of the accounts between Henry Ulrich and the receivership at the respective dates of deposit of the two Velte checks and at the date of the attachment."

The able and ingenious argument of appellant's counsel has not convinced us that this view of the referee is erroneous; and if it is not, the principle relating to the following of trust funds is not applicable to defeat the attachment. For full discussion of the case we refer to the report of the learned referee and the opinion of the court overruling the exceptions thereto.

The judgment is affirmed.